JOSHUA E. KIRSCH (179110)
GIBSON ROBB & LINDH LLP
1255 Powell St.
Emeryville, California 94608
Telephone:  (415) 348-6000
Facsimile:  (415) 348-6001
Email:     jkirsch@gibsonrobb.com

Attorneys for Plaintiff
GREAT AMERICAN INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, a corporation;<br><br>Plaintiff,<br><br>v.<br><br>MEDITERRANEAN SHIPPING COMPANY, a corporation; and DOES ONE through TEN;<br><br>Defendants. | Case No. 2:21-cv-9193<br>**COMPLAINT FOR DAMAGE TO CARGO**<br><br>[AMOUNT DEMANDED DOES NOT EXCEED $10,000]<br><br>($5,811.75) |

Plaintiff's complaint follows:

1.     Plaintiff GREAT AMERICAN INSURANCE COMPANY ("GAIC"), is now, and at all times material was, a corporation, duly organized and existing by virtue of law, and Plaintiff GAIC was the insurer of the hereinafter described cargo.

2.     Plaintiff is informed and believes, and on the basis of that information and belief alleges that, MEDITERRANEAN SHIPPING COMPANY ("MSC"), a corporation; and DOES ONE through TEN, (hereafter "Defendants"), are now and at all times herein material were engaged in business as common carriers for hire within the United States and within this judicial district.

/ / /

3.     The true names of defendants sued herein as DOES ONE through TEN, each of whom is responsible for the events and matters herein referred to, and each of whom caused or contributed to the damage herein complained of, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names.  Plaintiff will amend its complaint to show the true names of said defendants when the same have been ascertained.

4.     Plaintiff's complaint contains a cause of action for damage to cargo arising under a statute of the United States, namely the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 Note, and is therefore within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as more fully appears herein.  Additionally, the Court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333. Venue is proper under 28 U.S.C. § 1391(b).

5.     This is a cause of action for damage to ocean cargo, and is an admiralty and maritime claim within the meaning of Rule 9(h), Federal Rules of Civil Procedure, as hereinafter more fully appears.

6.     Plaintiff is informed and believes, and on the basis of such information and belief alleges that, on or about November 23, 2020, at Oakland, CA, Defendants, and each of them, received a shipment of almonds for carriage under bills of lading numbers MEDUA8240023, and others, issued by and/or on behalf of said defendants.  Defendants, and each of them, agreed, under contracts of carriage and in return for good and valuable consideration, to carry said cargo from Oakland, CA to Mersin, Turkey, and there deliver said cargo to the lawful holder of the aforementioned bills of lading, and others, in the same good order, condition, and quantity as when received.

7.     Thereafter, in breach of and in violation of said agreements, Defendants, and each of them did not deliver said cargo in the same good order, condition, and quantity as when received at Oakland, CA.  To the contrary, the

/ / /

cargo was badly damaged while in the care, custody, and control of the Defendants. As a result, the value of the cargo was depreciated in the amount of $6,311.75.

8.  Prior to the shipment of the herein described cargo and prior to any loss thereto, Plaintiff GAIC issued its policy of insurance whereby Plaintiff GAIC agreed to indemnify the owner of the cargo and its assigns, against loss of or damage to said cargo while in transit, including mitigation expenses, and Plaintiff GAIC has therefore become obligated to pay, and, after application of the $500 policy deductible, has paid to the person entitled to payment under said policy the sum of $5,811.75, on account of the herein described loss.

9.  Plaintiff has therefore been damaged in the sum of $5,811.75, or another amount according to proof at trial, no part of which has been paid, despite demand therefor.

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor and against Defendants, and each of them; that this Court decree payment by Defendants, and each of them, to Plaintiff in the sum of $5,811.75, together with prejudgment interest thereon and costs of suit herein; and that Plaintiff have such other and further relief as in law and justice it may be entitled to receive.

Dated: November 23, 2021

Respectfully submitted,

GIBSON ROBB & LINDH LLP

 /s/ Joshua E. Kirsch
Joshua E. Kirsch
jkirsch@gibsonrobb.com
Attorneys for Plaintiff
GREAT AMERICAN INSURANCE COMPANY